INNOVA LEGAL ADVISORS P. C.
RONALD G. GUERRA OSB#943272
ron.guerra@innovalegaladvisors.com
One Centerpointe Drive, Suite 530
Lake Oswego, OR 9735
Telephone:    (503) 475-7179

Attorney for Plaintiff
GREGORY D. BAKER

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| GREGORY D. BAKER,<br><br>      Plaintiff,<br><br>    v.<br><br>BLANCHET HOUSE OF HOSPITALITY,<br><br>      Defendant. | Case No.<br><br>**CIVIL ACTION**<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>1) Violation of Title VII of the Civil Rights Act of 1964: Race Discrimination;<br>2) Violation of Title VII of the Civil Rights Act of 1964: Retaliation;<br>3) Violation of the Age Discrimination in Employment Act of 1967: Age Discrimination;<br>4) Violation of the Age Discrimination in Employment Act of 1967: Retaliation;<br>5) Violation of ORS 659A.030(1)(a): Race and Age Discrimination; and,<br>6) Violation of ORS 659A.290(2)(b): Discrimination and Retaliation.<br><br>**DEMAND FOR JURY TRIAL** |

      Plaintiff Gregory D. Baker brings this Complaint against Defendant Blanchet House of Hospitality for discrimination based on race and retaliation in violation of Title VII of the Civil Rights Act of 1964 *as amended* ("Title VII"), for discrimination based on age and retaliation in

PLAINTIFF'S COMPLAINT FOR DAMAGES

violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), and demands a trial by jury as follows:

### I.    THE PARTIES

1. Plaintiff Gregory Baker ("Plaintiff") is a resident of Kansas City, County of Jackson, in the State of Missouri. Plaintiff was employed by Defendants from May 1, 2014 until Defendants terminated his employment on April 23, 2019. Plaintiff worked at 310 NW Glisan, Portland, OR 97209. Plaintiff's job title was Executive Director.

2. Defendant Blanchet House of Hospitality is an Oregon non-profit entity located in Multnomah County, in the state of Oregon. Its headquarters is located at 310 NW Glisan Street, Portland, OR 97209.

3. At all times relevant herein, Defendant employed at least fifteen employees, and was therefore an "employer" within the meaning of Title VII.

4. At all times relevant herein, Defendant employed at least twenty employees and was therefore an "employer" within the meaning of the ADEA.

### II.    JURISDICTION AND VENUE

5. This Court has jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331, as this case involves questions of federal law.

6. Venue is proper in, and Defendant is subject to the personal jurisdiction of, this Court because Defendant maintains facilities and operations in this District, and all or most of the events giving rise to this action occurred in this District. 28 U.S.C. § 1391(b); 42 U.S.C. § 2000e-5(f)(3). Further, venue is proper in this division pursuant to Local Rule 3-2.

7. This Court has jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as this case arises out of a common nucleus of facts and involves questions of state law.

### III.    GENERAL ALLEGATIONS

8. Plaintiff alleges that Defendant unlawfully discriminated against him on the basis of his race and age and retaliated against him after he opposed unlawful discrimination.

9. Plaintiff further alleges that Defendant's policies, practices, and decision to terminate Plaintiff subjected him to disparate treatment.

10. Plaintiff further alleges that Defendant terminated Plaintiff's employment after he complained of unlawful discrimination.

11. At all times herein relevant, Defendant owed Plaintiff a duty to provide Plaintiff with a workplace free from unlawful discrimination and retaliation in the workplace.

12. Defendant breached the above-mentioned duties in that, at all times herein relevant, Defendant acted in a manner which it knew, should have known, and/or did not care to know, condoned and supported discrimination and retaliation in the workplace.

13. Plaintiff seeks compensatory damages, liquidated damages, punitive damages and reasonable attorneys' fees and costs as remedies for Defendant's violations of his rights.

## IV.     FACTUAL ALLEGATIONS

14. Plaintiff began working for Defendant on May 1, 2014. His job title was Executive Director and his job duties included full management of all aspects of the Defendant's business, staff operations, facilities, fundraising, training, and development of programs, among other things. At all relevant times, Plaintiff was a 71-year-old African American male.

15. Plaintiff was consistently evaluated by Defendant to be an exemplary employee with approximately five years of service.

16. In January 2019, Plaintiff's son, who lived with mother and him, suffered an unprecedented mental health crisis and breakdown that resulted in his physically attacking Plaintiff in their home. As a result of this event, Plaintiff's son was arrested and required mental health treatment. Plaintiff notified the Defendant's Board President, Emily Harrington, a white female then 37 years of age, and the Defendant's past Board President, attorney John McGuigan, a white male age unknown but on information and belief believed to be over 40 years of age, of his potential need to take some time off to assist his son in seeking and obtaining necessary mental health treatment. Plaintiff informed Ms. Harrington that any potential absences would be intermittent, would probably last no more than a few days and would fall within existing vacation/PTO accruals. Ms. Harrington

immediately began pressing Plaintiff to take a leave of absence and to name Kelly Lyons, a white female age unknown but on information and belief believed to be under 40 years of age, as interim Executive Director. Plaintiff informed Ms. Harrington that this would not be necessary as he would be available by phone and email, even if he was not at work for a few hours or days on an intermittent basis.

17.     In spite of Plaintiff only taking a week to care for his ill son, Ms. Harrington contacted the Vice Chair Dan Petrusich, a white male age unknown but on information and belief believed to be over 40 years of age, for his support to name Ms. Lyons the interim Executive Director. Mr. Petrusich refused Ms. Harrington's request. Mr. Petrusich then advised Ms. Harrington that she could not unilaterally name Ms. Lyons the Executive Director because the Board had to approve such matters and that she needed to have Mr. Baker's support also. Mr. Petrusich then advised Ms. Harrington that she could not force Plaintiff to take a leave of absence against his wishes.

18.     Unbeknownst to Plaintiff, and without his authority as Executive Director, in or about January 2019, Ms. Lyons began holding meetings with and instructing staff to communicate directly with her and not to communicate or speak with the Executive Director. Ms. Harrington also began engaging directly with Defendant's staff in violation of the Defendant's Human Resources policy. Ms. Lyons and Ms. Harrington's actions usurped authority of the Executive Director, caused confusion amongst the staff and interfered with Plaintiff's ability to perform his job.

19.     Ms. Harrington directed staff to identify, collect and communicate any disparaging and harmful information about Plaintiff to her as Board President. Both Ms. Harrington and Ms. Lyons began making derogatory remarks about Plaintiff to his staff and falsely suggested that Plaintiff was disengaged from his job, was "old" and needed to retire. Ms. Harrington and Ms. Lyons began applying direct pressure to Plaintiff to provide a date when Plaintiff would retire from his employment with Defendant, all in an apparent effort to allow Ms. Harrington to name Ms. Lyons Executive Director.

20.     In March 2019, Plaintiff opposed the unfair and discriminatory actions of Ms. Harrington

PLAINTIFF'S COMPLAINT FOR DAMAGES

and Ms. Lyons and complained to the Board of Directors of the discrimination and hostile work environment they had created. During the March 2019 Board of Directors meeting Plaintiff raised his concerns with the Board, advising them that the actions of Ms. Harrington and Ms. Lyons were contrary to Defendant's adopted governance and human resources policies. Plaintiff also reported that Ms. Lyons signed her name to a legal contract with a third-party without authority and Plaintiff's knowledge, obligating Defendant to contract terms that Plaintiff had not seen or approved, as was Plaintiff's responsibility. Plaintiff explained he had confronted Ms. Lyons upon learning of her violation of Defendant's policy. but Ms. Lyons responded with hostility and contempt, as though she had the authority to encumber the organization without the approval of the Executive Director. Ms. Lyons was emboldened to act in the capacity of Executive Director by Ms. Harrington, without knowledge of Plaintiff as Executive Director and/or without the full knowledge and approval of the Board of Directors.

21.     Defendant took no action to resolve the discrimination and/or the hostile work environment following Plaintiff's disclosure to the Board at the March 2019 meeting. In fact, Ms. Harrington directed Plaintiff that he was not to speak with or communicate with Ms. Lyons. Ms. Harrington and Ms. Lyons then continued to disparage and defame Plaintiff with staff, community members and others.

22.     Plaintiff again addressed the intolerable hostile working environment created by Defendant, including Ms. Harrington and Ms. Lyons actions, in an email to all members of the Board of Directors on April 22, 2019. On April 23, 2019, Defendant terminated Plaintiff without notice and an opportunity to be heard as they had done with the prior Executive Director Brian Hershweiller, a white male age unknown but on information and belief believed to be over the age of 40, who was granted a full investigation of facts prior to being terminated.

23.     On termination Plaintiff was not allowed to address the situation, was not allowed to return to his office to retrieve his personal belongings and was not permitted to say goodbye to staff. In fact, thereafter for several months, Defendant and its agents did not tell the truth about the Plaintiff's employment status but reported that he was on a leave of absence and, in some cases

PLAINTIFF'S COMPLAINT FOR DAMAGES

outright lied when asked if had been terminated.

## V.     EXHAUSTION OF ADMINISTRATIVE REMEDIES

24.     Plaintiff has timely exhausted his administrative remedies.

## VI.     CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
Race-Based Discrimination (Disparate Treatment) in Violation of
Title VII of the Civil Rights Act of 1964, *as amended*,
42 U.S.C. § 2000e-2(a)

25.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 24, above.

25.     Title VII of the Civil Rights Act of 1964, *as amended*, makes it unlawful for an employer "(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, … or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race..." 42 U.S.C. § 2000e-2(a).

26.     Defendant discriminated against Plaintiff by terminating the Plaintiff based on his race.

27.     Plaintiff's race was the determining factor and/or a motivating factor in Defendant's actions.

28.     As a direct, legal and proximate result of the discrimination, Plaintiff has suffered, and will continue to suffer, economic damages to be proven at trial. As a result of Defendant's actions, Plaintiff has suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiff seeks compensatory damages and all other monetary relief available for discrimination at trial.

29.     Plaintiff is entitled to his reasonable attorneys' fees and costs of suit.

### SECOND CLAIM FOR RELIEF
Retaliation in Violation of

**Title VII of the Civil Rights Act of 1964, *as amended*,**
**42 U.S.C. § 2000e-3(a)**

30. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 24 above.

31. Title VII of the Civil Rights Act of 1964, *as amended*, makes it unlawful for an employer "to discriminate against any of his employees or applicants for employment … because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).

32. Defendant retaliated against Plaintiff by terminating him after he opposed discrimination based on his race and made unlawful by Title VII.

33. Plaintiff's opposition to unlawful conduct was the determining factor and/or a motivating factor in Defendant's actions.

34. As a direct, legal and proximate result of the retaliation, Plaintiff has suffered, and will continue to suffer, economic damages to be proven at trial. As a result of Defendants' actions, Plaintiff has suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiff seeks compensatory damages, punitive damages, and all other monetary relief available for retaliation at trial.

35. Plaintiff is entitled to his reasonable attorneys' fees and costs of suit.

**THIRD CLAIM FOR RELIEF**
**Age-Based Discrimination (Disparate Treatment) in Violation of**
**the Age Discrimination in Employment Act of 1967,**
**29 U.S.C. § 623(a)**

36. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 24, above.

37. The Age Discrimination in Employment Act of 1967 makes it unlawful for an employer "(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment,

because of such individual's age" 29 U.S.C. § 623(a).

38. Defendant discriminated against Plaintiff by terminating Plaintiff because of his age.

39. Defendant treated Plaintiff differently when terminating Plaintiff, a 71-year-old African-American then when it terminated Plaintiff's predecessor, a white male age unknown but on information and belief believed to be over the age of 40 at the time of discharge.

40. Plaintiff's age was the determining factor and/or a motivating factor in Defendant's actions.

41. As a direct, legal and proximate result of the discrimination, Plaintiff has suffered, and will continue to suffer, economic damages to be proven at trial. As a result of Defendant's actions, Plaintiff has suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiff seeks compensatory damages, punitive damages, and all other monetary relief available for discrimination at trial.

42. Plaintiff is entitled to his reasonable attorneys' fees and costs of suit.

### FOURTH CLAIM FOR RELIEF
### Retaliation in Violation of
### the Age Discrimination in Employment Act of 1967,
### 29 U.S.C. § 623(d)

43. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 24, above.

42. The Age Discrimination in Employment Act of 1967 makes it unlawful for an employer "to discriminate against any of his employees or applicants for employment … because such individual has opposed any practice made an unlawful employment practice by this subchapter, or because such individual has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 29 U.S.C. § 623(d).

43. Defendant retaliated against Plaintiff by terminating him because of his opposition to conduct made unlawful by the ADEA.

44. Plaintiff's opposition to unlawful conduct was the determining factor and/or a motivating factor in Defendant's actions.

45. As a direct, legal and proximate result of the retaliation, Plaintiff has suffered, and will

continue to suffer, economic damages to be proven at trial. As a result of Defendant's actions, Plaintiff has suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiff seeks compensatory and punitive damages and all other monetary relief available for discrimination at trial.

46. Plaintiff is entitled to his reasonable attorneys' fees and costs of suit.

### FIFTH CLAIM FOR RELIEF
### Race and Age-Based Discrimination and Retaliation
### in Violation of ORS 659A.030(1)(a)

47. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 24, above.

48. Oregon Revised Statute ("ORS") 659A.030(1)(a) makes it an "unlawful employment practice . . . For an employer, because of an individual's race, . . . or age if the individual is 18 years of age or older, . . ., . . . to bar or discharge the individual from employment."

49. Defendant discriminated against Plaintiff by terminating the Plaintiff based on his race and/or his age.

50. Plaintiff's race and age was the determining factor and/or a motivating factor in Defendant's actions.

51. Defendant retaliated against Plaintiff by terminating him after he opposed discrimination based on his race and age and made unlawful by ORS 659A.030(1)(a).

52. Plaintiff's opposition to unlawful conduct was the determining factor and/or a motivating factor in Defendant's actions of retaliation.

53. As a direct, legal and proximate result of the discrimination and retaliation, Plaintiff has suffered, and will continue to suffer, economic damages to be proven at trial. As a result of Defendant's actions, Plaintiff has suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiff seeks compensatory damages or $200, whichever is greater, and punitive damages and all other monetary relief available for discrimination at trial.

54. Plaintiff is entitled to his reasonable attorneys' fees and costs of suit.

## SIXTH CLAIM FOR RELIEF
### Discrimination and Retaliation in Violation of
### ORS 659A.290(2)(b)

55.    Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 24, above.

56.    ORS 659A.290(2)(b) makes it "an unlawful employment practice for an employer to: Discharge, threaten to discharge, demote, suspend or in any manner discriminate or retaliate against an individual with regard to promotion, compensation or other terms, conditions or privileges of employment because the individual is a victim of domestic violence, harassment, sexual assault or stalking."

57.    In January 2019 Plaintiff was a "victim of domestic violence" as that term is defined by ORS 659A.270.

58.    Defendant discriminated against Plaintiff by terminating the Plaintiff based on his being a victim of domestic violence.

59.    Defendant retaliated against Plaintiff by directing his staff to speak only to Ms. Lyons or Ms. Harrington, to request Ms. Lyons keep track of Plaintiff's coming and goings at the office, to seek disparaging comments and information about the Plaintiff from staff, community partners and others.

60.    Plaintiff's status as a victim of domestic violence and his opposition to unlawful conduct was the determining factor and/or a motivating factor in Defendant's action.

61.    As a direct, legal and proximate result of the discrimination and retaliation, Plaintiff has suffered, and will continue to suffer, economic damages to be proven at trial. As a result of Defendant's actions, Plaintiff has suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiff seeks compensatory damages or $200, whichever is greater, and punitive damages and all other monetary relief available for discrimination at trial.

62.    Plaintiff is entitled to his reasonable attorneys' fees and costs of suit.

PLAINTIFF'S COMPLAINT FOR DAMAGES

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendant on all of the causes of action as follows:

1. For general, special and consequential damages in an amount not in excess of the jurisdictional limits of this Court, according to proof;

2. For economic and non-economic damages according to proof;

3. For compensatory damages according to proof;

4. For costs of suit incurred herein;

5. For punitive damages, where allowed;

6. For reasonable attorney's fees; and

7. For such other and further relief as the Court deems just and proper.

DATED: February 11, 2021              INNOVA LEGAL ADVISORS P. C.

                                      By: /s/ Ronald G. Guerra
                                          RONALD G. GUERRA
                                          Attorney for Plaintiff
                                          GREGORY BAKER

## JURY DEMAND

Plaintiff demands a jury trial on all causes of action and claims to which he has a right to a jury trial.

DATED: February 11, 2021              INNOVA LEGAL ADVISORS P. C.

                                      By: /s/ Ronald G. Guerra
                                          RONALD G. GUERRA
                                          Attorney for Plaintiff
                                          GREGORY BAKER

PLAINTIFF'S COMPLAINT FOR DAMAGES